# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ELIZABETH M. McLAUGHLIN, )
)
    Plaintiff, )
)
v. ) No. 08 C 3596
)
ST. MARY'S HOSPITAL, )
STREATOR, ILLINOIS )
) Wayne R. Andersen
    Defendant. ) District Judge

## MEMORANDUM OPINION AND ORDER

This case is before the court on the motion of defendant St. Mary's Hospital ("the hospital") to dismiss plaintiff's hostile work environment claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is granted. The hostile work environment claim is hereby dismissed.

## BACKGROUND

Plaintiff Elizabeth M. McLaughlin ("McLaughlin") is a former employee of St. Mary's Hospital, a regional healthcare provider in Illinois. Am. Cmplt. ¶¶ 7,8. On June 24, 2008, McLaughlin filed an initial *pro se* complaint with this court against the hospital and two of her former supervisors. The original complaint alleged that McLaughlin was discharged from her employment at the hospital in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 630(b). On October 2, 2008, Andre E. Townsel filed his appearance on behalf of McLaughlin. The hospital filed a motion to dismiss the individual defendants on October 9, 2008. Prior to this court ruling on the motion to dismiss, McLaughlin filed a motion to amend the complaint on December 12, 2008. At a hearing on January 8, 2009, Mr. Townsel

indicated that he intended to file an amended complaint that did not include the individual defendants. Accordingly, we granted the individual defendants' motion to dismiss and granted McLaughlin leave to file an amended complaint. An amended complaint naming the hospital as the only defendant was filed on January 12, 2009. The hospital answered the complaint on February 13, 2009, as well as filed the instant motion to dismiss the hostile work environment claim.

The allegations in McLaughlin's amended complaint stem from her employment at the hospital, which began in 1990. Am. Cmplt. ¶ 8. According to McLaughlin, she received favorable performance evaluations from her supervisors at the hospital from 1990 through 2002. Am. Cmplt. ¶¶ 9-21. However, McLaughlin alleges that some time after 2002 Trina Hamrick ("Hamrick"), one of McLaughlin's supervisors, began to treat McLaughlin "in a hostile manner and fabricate allegations of poor performance." Am. Cmplt. ¶ 22. Additionally, McLaughlin's amended complaint specifically mentions one incident in which she was asked to work back-to-back shifts and Hamrick claimed that McLaughlin dozed off while watching a patient. Am. Cmplt. ¶ 27. McLaughlin alleges that immediately following this incident, on September 12, 2005, she was suspended and discharged from her employment and that the hospital did not take any progressive disciplinary actions prior to her discharge. Am. Cmplt. ¶ 28; Mot. at Exh. 1. Further, McLaughlin claims that there were incidences of other, younger employees sleeping while on the job or leaving patients unattended, but that those employees were not discharged. Am. Cmplt. ¶ 29.

Based upon the allegations set forth above, McLaughlin alleges that the hospital violated the ADEA by discriminating against her because of her age, as well as by creating a hostile work environment. Am. Cmplt. ¶¶ 30-32. For purposes of this motion we infer from the amended

complaint that McLaughlin's hostile work environment claim is based upon alleged hostility suffered on account of her age. The hospital filed an answer to McLaughlin's amended complaint with respect to the age discrimination claim and filed a motion to dismiss the hostile work environment claim. We now turn to the hospital's motion to dismiss.

## LEGAL STANDARD

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in a light favorable to the plaintiff. *Jackson v. E.J. Branch Corp.*, 176 F.3d 971, 978 (7th Cir. 1999). A complaint must describe the claim with sufficient detail as to "give the defendants fair notice of what the...claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Further, the "allegations must plausibly suggest that the defendant has a right to relief raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

McLaughlin's hostile work environment claim states, "[d]efendant discriminated against the plaintiff in violation of the ADEA by creating a hostile work environment and by treating the plaintiff less favorably than other similarly situated employees in the terms, conditions, benefits and privileges of her employment." Am. Cmplt. ¶ 31. The hospital moves to dismiss this claim on the grounds that McLaughlin failed to raise a hostile work environment claim when she filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), or at any time prior to the filing of the amended complaint. Mot. at 2.

As a prerequisite for bringing a claim pursuant to the ADEA, a plaintiff must file a timely charge with the EEOC that describes the alleged discriminatory conduct and the EEOC must then issue a right-to-sue letter. *Ajayi v. Aramark Bus. Servs., Inc.* 336 F.3d 520, 527 (7th Cir. 2003). The hospital does not dispute that McLaughlin filed a charge with the EEOC. In fact, the hospital acknowledges in its motion that McLaughlin filed a Charge of Discrimination ("charge") with the Illinois Department of Human Rights ("IDHR") on January 20, 2006, and that the charge was cross-filed with the EEOC. Mot. at 2. Further, the hospital acknowledges that McLaughlin received a right-to-sue letter on March 26, 2008. *Id.* However, the hospital claims that, because McLaughlin only listed age discrimination as the reason for the filing of her charge, focused solely on the discrete act of her discharge on the charge form, and failed to make any mention of a hostile work environment in the charge, the right-to-sue letter does not give McLaughlin the right to proceed on the hostile work environment claim. Mot. at 2-3.

"A plaintiff generally cannot bring a claim is a lawsuit that was not alleged in the EEOC charge." *Graham v. AT&T Mobility, LLC*, 247 Fed. Appx. 26, 29 (7th Cir. 2007)(citing *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497 (7th Cir. 1994)). In determining whether an EEOC charge encompasses the claims in a complaint, the court must ask whether the claims set forth in the complaint are "like or reasonably related to the allegation of the charge and grow out of such allegations. *Cheek*, 31 F.3d at 500. In order to be "like or reasonably related" the complaint must at least involve the same ***conduct*** and the same individuals as set forth in the charge. *Id.* at 501. The purpose behind the prerequisite of the EEOC charge is in order to facilitate a possible settlement of the alleged claims as well as to put the employer on notice with respect to the particular conduct that is being challenged. *Geldon v. S. Milwaukee Sch. Dist.*, 404 F.3d 817, 819 (7th Cir. 2001).

In this case, McLaughlin's charge only listed "age" as the cause of the alleged discrimination and listed September 12, 2005, the date that she was discharged, as the only date the discrimination occurred. McLaughlin did not check the box that would indicate that the discrimination was a "continuing action," nor did she claim that any discrimination occurred prior to her discharge. Mot. at Exh. 1. Furthermore, McLaughlin's charge simply states that she was discharged on September 12, 2005, that the reason given for the discharge was sleeping on the job, and that younger employees who sleep on the job were not discharged. Mot. at Exh. 1. The charge is devoid of any mention of a hostile work environment. When faced with similar factual scenarios, cases within this circuit have held that failure to mention a particular claim in the charge warrants dismissal of the claim. *Rattray v. Lippmann-Milwaukee, Inc.*, No. 07 C 916, 2008 U.S. Dist. LEXIS 79275, at *3-4 (N.D. Ill. Oct. 8, 2008)(because the plaintiff's EEOC charge only listed racial discrimination, focused "on the discrete act of demotion," and was restricted to the date plaintiff was demoted, he could not pursue a hostile work environment claim that "encompasses a course of conduct spanning a three year period"); *Laye v. Alberton's, Inc.*, No. 03 C 6496, 2004 U.S. Dist. LEXIS 17905, at *3 (N.D. Ill. Sept. 7, 2008)(plaintiff's hostile work environment claim dismissed because the EEOC charge "does not allege any adverse employment actions other than her suspension and termination"); *see also Ajayi*, 336 F.3d at 526 (plaintiff's charge listed three instances of national original discrimination, but "[t]here is nothing about [the] charge that would reasonably lead one to conclude that [plaintiff] was a victim of age discrimination."). Accordingly, we find that there is nothing about McLaughlin's charge that would have put the hospital on notice of a hostile work environment claim.

In her response brief, McLaughlin argues that an intake questionnaire that she submitted to the IDHR/EEOC in which she listed harassment as one of the issues for investigation should

expand the scope of the charge and allow McLaughlin to proceed on the hostile work environment claim. Resp. at 3. However, this argument also fails because the Seventh Circuit has held that materials outside the charge can be considered only to the extent that they "clarify or amplify" upon allegations already in the charge, but not to the extent that the outside materials raise entirely new claims. *Cheek*, 31 F.3d at 502-03; *see also Novitsky v. Am. Consulting Eng'rs, L.L.C.*, 196 F.3d 699, 702 (7th Cir. 1999) (citing 42 U.S.C. § 2000e-5(b))("it is the charge rather than the questionnaire that matters" because "only the charge is sent to the employer, and therefore only the charge can affect the process of conciliation.").

## CONCLUSION

Therefore, because we find that McLaughlin's charge did not include a claim for hostile work environment, the hostile work environment claim was not "like or reasonable related to" the age discrimination claim, and the intake questionnaire cannot determine the scope of the suit, the hospital's motion to dismiss [23] McLaughlin's hostile work environment claim is granted.

It is so ordered.

							_____
							Wayne R. Andersen
							United States District Judge

Dated: **May 12, 2009**